UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEAREAN HUBBARD,

    Plaintiff,

      v.

COUNTY OF SONOMA, et al.,

    Defendants.

_____/

No. C 12-6380 PJH

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

        Defendants County of Sonoma and Steve Freitas's ("the County defendants") motion to dismiss the first three causes of action of plaintiff's first amended complaint came on for hearing before this court on March 6, 2013. Plaintiff Kearean Hubbard ("plaintiff") appeared through her counsel, Charles Applegate and Michael Scott. The County defendants appeared through their counsel, Terry Sterling. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the County defendants' motion, for the reasons stated at the hearing, and summarized as follows.

        In their motion, the County defendants argued that, in order to assert a section 1983 claim against a public entity (such as the County of Sonoma), plaintiff is required to allege that the constitutional violation was the result of the government's established policy or practice. Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978). And in order to assert a section 1983 claim against an individual government employee, plaintiff is required to allege that the employee participated in or directed the violations, or knew of the violations and failed to act to prevent them. See, e.g., Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff did not file an opposition to the motion. The court agrees that plaintiff's section 1983 claims (the first, second, and third causes of action in the first

amended complaint) do not meet the relevant pleading standards, and hereby DISMISSES them with leave to amend.

While plaintiff did not oppose the motion, she did file an amended complaint, styled as the "second amended complaint," on March 5, 2013 (i.e., the day before the scheduled hearing on the County defendants' motion). Plaintiff was not entitled to file this second amended complaint under the federal rules, which allow a party to "amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1) (emphasis added). Plaintiff had already filed a first amended complaint (which was the subject of this motion) on January 23, 2013. Thus, the second amended complaint (Dkt. 16) is hereby STRICKEN.

Plaintiff may file an amended complaint (which shall be styled as the "revised second amended complaint") in accordance with this order by **April 3, 2013**. No new claims or parties may be added without leave of court or agreement of the parties. Defendants shall have until **April 24, 2013** to answer or otherwise respond to the complaint. Plaintiff is further cautioned that, if she wishes to assert section 1983 claims against the County or its employees, she must comply with the relevant pleading standards for those claims. She may not simply include those defendants as "Doe" defendants in an effort to evade the applicable pleading standards.

**IT IS SO ORDERED.**

Dated: March 6, 2013

PHYLLIS J. HAMILTON
United States District Judge

2